**\*\*AMENDED JUDGMENT OF MARCH 5, 2009\*\***

# United States District Court
## Central District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.** 2:05-cr-00744-FMC-3 |
| **Defendant** Touraj Benshian | **Social Security No.** 5 6 8 4 |
| akas: Touaj Benshian; David Benshian; Jason Buckey | (Last 4 digits) |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| FEB | 26 | 2009 |

**COUNSEL**  [X] WITH COUNSEL    Mark A Byrne, retained counsel
(Name of Counsel)

**PLEA**  [X] GUILTY, and the court being satisfied that there is a factual basis for the plea.  [ ] NOLO CONTENDERE  [ ] NOT GUILTY

**FINDING**  There being a finding/verdict of [X] GUILTY, defendant has been convicted as charged of the offense(s) of:
18 USC 371: CONSPIRACY (Count One of the First Superseding Indictment); 18 USC 2314, 2: INTERSTATE TRANSPORTAION OF FRAUDULENTLY OBTAINIED PROPERTY; CAUSING AN ACT TO BE DONE (Count 8); 18 USC 1341, 2: MAIL FRAUD; CAUSING AN ACT TO BE DONE (Counts 12 & 15); 18 USC 1343, 2: WIRE FRAUD, CAUSING AN ACT TO BE DONE (Counts 25 & 31); 18 USC 1956(a) and (h): CONSPIRACY TO COMMIT MONEY LAUNDERING (Count 32); 18 USC 1956(a)(1)(B)(1), 2: MONEY LAUNDERING; CAUSING AN ACT TO BE DONE (Counts 33, 35 & 42); 18 USC 1956(a)(1)(A)(i), 2: MONEY LAUNDERING; CAUSING AN ACT TO BE DONE (Count 63)

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant,

**Touraj David Benshian, is hereby committed on Counts 1, 8, 12, 15, 25, 31, 32, 33, 35, 42, and 63 of the First Superseding Indictment to the custody of the Bureau of Prisons to be imprisoned for a term of one year and one day. This term consists of one year and one day on Count 1; one year and one day on Count 8; and one year and one day on each of Counts 12, 15, 25, 31, 32, 33, 35, 42, and 63 of the First Superseding Indictment, all to be served concurrently.**

**Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years. This term consists of three years on each of Counts 1, 8, 12, 15, 25, 31, 32, 33, 35, 42 and 63, all such terms to run concurrently, under the following terms and conditions:**

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;
2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;
3. During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment;
4. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, without the prior written approval of the Probation Officer; nor shall the defendant use, for any purpose or in any manner, any name other than his true legal name; and
5. The defendant shall provide the Probation Officer with access to any and all business records, client lists and other records pertaining to the operation of any business owned, in whole or in part, directly or indirectly, by the defendant, as directed by the Probation Officer;
6. As directed by the Probation Officer, the defendant shall provide to the Probation Officer a signed release authorizing credit checks and an accurate financial statement, with supporting documentation, as to all sources and amounts of income and all expenses of the defendant. In addition, the defendant shall provide federal and state income tax returns as requested by the Probation Officer;

| USA vs. **Touraj Benshian** | Docket No.: **2:05-cr-00744-FMC-3** |
|---|---|

7.      The defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer and shall maintain a single checking account into which all income, financial proceeds and gains shall be deposited and from which all expenses shall be paid. All other bank accounts shall be disclosed to the Probation Officer;

8.      The defendant shall not be employed by, affiliated with, own or control, or otherwise participate, directly or indirectly, in any business affair with codefendants Reza Tabatabai, Edmond Masjedi, Masoud Rahmani, and Masoud Sabet, ; and

9.      The defendant shall cooperate in the collection of a DNA sample from the defendant.

It is ordered that the defendant shall pay to the United States a special assessment of $1,100, which is due immediately.

Defendant shall pay restitution in the total amount of $2,235,801.22, pursuant to 18 U.S.C. § 3663A, to victims as set forth in a separate victim list prepared by the Probation Office which this Court adopts and which reflects the Court's determination of the amount of restitution due to each victim.  The victim list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of the victims.  If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in this judgment.  Restitution shall be paid in installments and allocated proportionately to the victims, as directed by the Probation Officer.

The defendant shall be held jointly and severally liable with codefendants Reza Tabatabai, Edmond Masjedi, Masoud Rahmani, and Masoud Sabet, Docket No. CR-05-00744-FMC ), for the amount of restitution ordered in this judgment.  The defendant shall comply with General Order No. 01-05.

All fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to the restitution.

Any/ all remaining counts are/or underlying indictments are dismissed on the government's motion.  The bond is exonerated upon surrender.

The Court strongly recommends: that the defendant be designated by the Bureau of Prisons to : a) Lompoc facility in Southern California, if found to be Care Level II, or b) Terminal Island facility in Southern California, if found to be Care Level III.  The defendant shall receive credit for time served in custody for this offense.

It is further ordered that the defendant surrender him/her self to the institution designated by the Bureau of Prisons on or before 12 noon, **May 4, 2009.**  In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at: Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| March 5, 2009 | _/s/ Florence-Marie Cooper_ |
|---|---|
| Date | U. S. District Judge FLORENCE-MARIE COOPER |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.



Terry Nafisi, Clerk

| March 5, 2009 | By | Alicia Mamer |
|---|---|---|
| Filed Date | | Deputy Clerk |

| USA vs. | **Touraj Benshian** | Docket No.: | **2:05-cr-00744-FMC-3** |
|---|---|---|---|

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

☐  The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
   Private victims (individual and corporate),
   Providers of compensation to private victims,
   The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

USA vs. **Touraj Benshian**　　　　　　　　　　　　Docket No.: **2:05-cr-00744-FMC-3**

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____　　By _____
Date　　　　　　　　　　Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court
By _____

| | |
|---|---|
| USA vs. **Touraj Benshian** | Docket No.: **2:05-cr-00744-FMC-3** |

| | |
|---|---|
| Filed Date | Deputy Clerk |

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

| | |
|---|---|
| (Signed) _____<br>Defendant | _____<br>Date |
| _____<br>U. S. Probation Officer/Designated Witness | _____<br>Date |